UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDERICK ROGERS,

Plaintiff,

v.

APPLETON POLICE DEPT. and
DOUGLAS A. MOE,

Defendants.

Civil No. 01-2250 (DWF/JGL)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota, has filed a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff did not pay the full $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading, pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue two Defendants -- (1) the Appleton Police Department and (2) Douglas A. Moe, who allegedly is the Chief of Police for the Appleton Police Department. In support of his claim against these two Defendants, Plaintiff alleges only the following:

FILED 12-11-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

> "On 10-24-01 I Frederick Rogers wrote a [sic] incident report to Appleton Police Dept, reporting a crime of assault and battery. No police officer came and spoke with me or did an [sic] police act of colecting [sic] evidence or spoke to the two witnesses who saw the battery take place [ – ] the only persons seen were reports and statements of offenders. Obstruction of justice. Negligence to enforce the laws and policies of the State of Minnesota."

(Complaint, [Docket No. 1], pp. 3-4, § IV.) The Complaint includes no other factual allegations or historical background of any kind. The section of the complaint entitled "relief" says "punitive damages and exemplary[;] pain and suffering[;] mental angishes [sic] [;] criminal charges[;] summary judgement in favor of the plaintiff." (Id., p. 4, § V.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from a government employee, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1). The Court finds that the present action must be summarily dismissed in its entirety pursuant to § 1915A(b), because Plaintiff has not stated any cause of action on which relief can be granted.

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting

under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against Defendant Douglas Moe, because it does not allege any facts describing any specific wrongful conduct by Defendant Moe. There are no factual allegations of any kind showing what, specifically, Defendant Moe personally might have done or failed to do that could have violated Plaintiff's constitutional rights. Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named defendant, because the form he used to prepare his pleading specifically advised him to set forth a summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each individual defendant is personally involved, including dates, places and specific wrongful acts or omissions of each defendant." (Complaint, § IV; emphasis in the original form.) Despite this instruction, Plaintiff's "statement of claim"

does not include any allegations attributing any specific act or omission to Defendant Moe. Plaintiff has therefore failed to state a claim against Defendant Moe on which relief can be granted.

Plaintiff has also failed to state an actionable claim against the only other Defendant named in his complaint, "Appleton Police Dept.," because a police department is not a party that can be sued as such. A municipal police department is simply not a "suable entity;" it is merely a part of some larger municipal government, and has no separate legal existence by itself. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same); Ricketts v. City of Hartford, 74 F.3d 1397, 1400 n. 1 (2nd Cir.) (same), cert. denied, 519 U.S. 815 (1996). Therefore, the City of Appleton's police department cannot be sued as such in federal court.

Finally, the Court notes that Plaintiff's complaint is fatally defective, because there is no suggestion that any of his rights under federal law or the Constitution have been violated. See Hott v. Hennepin County, Minnesota, 260 F.3d 901, 905 (8th Cir. 2001) ("[a] claim under § 1983 must allege that conduct of a defendant acting under color of state law deprived a plaintiff of a right, privilege, or immunity secured by the constitution or laws of the United States") (emphasis added). Plaintiff has vaguely alleged that there has been some type of "obstruction of justice," and that there has been some type of "negligence" in the enforcement of "the laws and policies of the State of Minnesota." But there is no suggestion of any constitutional basis for his lawsuit, nor is there any suggestion that his

claims are based on any federal law. For this additional reason he has failed to state any actionable § 1983 civil rights claim.

## III. CONCLUSION

For all the reasons discussed above, the Court concludes that Plaintiff's complaint clearly fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It will also be recommended that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[1] He has not paid any part of that fee to date, so he still owes the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court recommends that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150 fee, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: December 11, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 3 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500